**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-30898
(Summary Calendar)
_____

SCOTTY BERGERON,

Plaintiff-Appellant,

versus

CITY OF BATON ROUGE, ET AL.,

Defendants,

CITY OF BATON ROUGE; GREG PHARES, Chief of Police,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(99-742-D)
_____

December 17, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM[*]:

Plaintiff-Appellant Scotty Bergeron appeals the district court's grant of summary judgment in favor of the City of Baton Rouge (the "City") and its Chief of Police on Bergeron's Americans with Disabilities Act ("ADA") claim. The district court concluded that Bergeron, an insulin-dependant diabetic, was not, at the time

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

of his application for employment with the police department, "otherwise qualified" for the position of police officer. For the reasons set forth in the district court's ruling on the defendants' motion for summary judgment, we affirm.

We review a grant of summary judgment de novo, applying the same standard as the district court.[1] A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact.[2] An issue is material if its resolution could affect the outcome of the action.[3] In deciding whether a fact issue has been created, we must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.[4]

The standard for summary judgment mirrors that for judgment as a matter of law.[5] Thus, the court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence.[6] In reviewing all the evidence, the court must disregard

---

[1] Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).

[2] Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[4] See Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999).

[5] Celotex Corp., 477 U.S. at 323.

[6] Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000).

all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached.[7]

The City, after receiving Bergeron's application for employment as a police officer, requested that Dr. Holmes of the Occupational Medical Center ("OMC") conduct a medical examination of Bergeron. Dr. Holmes found, on the basis of two blood tests, a urine test, and Bergeron's medical history, that Bergeron's blood sugar levels were not under control and that Bergeron was on a new medication to regulate his blood sugar level. Dr. Holmes discussed Bergeron's condition and test results with Dr. Walker, another OMC physician, and Dr. Fraser, Bergeron's primary treating physician. Based on the medical tests and his consultations, Dr. Holmes concluded that, at that time, Bergeron's condition rendered him a threat to himself and others if placed in a safety-sensitive position such as that of a police officer. Dr. Holmes did, however, recommend that, if Bergeron should adjust to the new medication and his sugar levels were under control, he re-apply.

Bergeron's personal physician, Dr. Fraser, disagreed with Dr. Holmes's evaluation and expressed that, in his opinion, Bergeron was in good control of his diabetes. Greg Phares, the Chief of Police, considered both opinions, but in the end, relying primarily

---

[7]  Id. at 151.

3

on Dr. Holmes's evaluation, declined to hire Bergeron.

As an initial matter, Bergeron attempts to argue that the district court, by considering whether Bergeron was a "direct threat" to himself or others, granted summary judgment on an affirmative defense that the defendants had not pled. Bergeron's argument fails: The defendants, in their answer, raised the defense that Bergeron was not "otherwise qualified" for the position of police officer, and the question whether Bergeron is a "direct threat" is encompassed within the "otherwise qualified" inquiry.

To survive summary judgment at this stage of the proceedings, Bergeron must demonstrate that a genuine dispute of material fact exists whether he is "otherwise qualified" to be a police officer, with or without reasonable accommodation, in spite of his disability. Bergeron fails to carry this burden. At most, he can show that a professional disagreement existed between Dr. Holmes of the OMC and Dr. Fraser, his treating physician. A professional disagreement, however, is not tantamount to a genuine dispute of material fact. Here, the City fulfilled its obligations under the ADA. Bergeron's situation was individually assessed through an independent medical examination and consultations regarding the results of the examination with two other physicians. In relying reasonably on Dr. Holmes's rational and deliberate medical judgment, the City complied with the ADA.

Finally, Bergeron's candidacy for a police officer position

4

was not categorically or permanently denied.  On the contrary, he was informed that as soon as he can demonstrate that his blood sugar level is under control — which Dr. Fraser believes he should be able to do quickly and easily — Bergeron is free to apply to the police department again.

For essentially the same reasons set forth by the district court, its grant of summary judgment dismissing Bergeron's action is, in all respects,

AFFIRMED.

5